[Civ. No. 6527. Second Appellate District, Division One.—June 5, 1931.]

KENNETH MacDONALD, Jr., Appellant, v. FRANK CASE et al., Defendants; A. C. BLUMENTHAL, Respondent.

Andrew J. Copp, Jr., for Appellant.

Loeb, Walker & Loeb for Respondent.

HOUSER, J.—This appeal by plaintiff is from a judgment rendered by the superior court against him and in favor of defendant Blumenthal on a claim made by plaintiff against defendant for architect's fees under the terms of a written contract between "Kenneth MacDonald, Jr. (hereinafter called the 'Architect'), and A. C. Blumenthal, as agent for Frank Case, of New York City (hereinafter called the 'Owner')."

The last paragraph of the contract upon which plaintiff depends as a basis for the action was as follows:

"7. Said A. C. Blumenthal, in executing this contract for Frank Case, hereby warrants that he has authority to execute as such agent, and he has signed this contract individually by reason of such warranty, and expressly agrees that said Frank Case, with all reasonable dispatch will confirm the execution of this contract in his behalf by said A. C. Blumenthal, . . . "

Immediately thereafter followed the attesting clause in the following language:

"In witness whereof, said Kenneth MacDonald, Jr., has hereunto signed his name and said A. C. Blumenthal has hereunto signed his name individually and as agent as aforesaid, the day and year first above written."

The action was brought against both Frank Case and A. C. Blumenthal; but on the trial it appeared that an accord had been effected as between plaintiff and defendant Frank Case. However, by such settlement of his demand with the latter defendant, plaintiff expressly reserved his right to maintain his asserted cause of action against defendant Blumenthal. Called as a witness in his own behalf,

plaintiff testified in effect that immediately prior to the execution of the contract he "noticed he (Blumenthal) was signing 'Frank Case', by himself as agent. I said I don't think there will anything come up about this, but to be on the safe side in case you die I would like to be protected; I want you to sign individually as well as as Case's agent. . . . As I recall it, he questioned why I wanted that, and I said it was because in the event Mr. Case repudiated his agreement with me and refused to sign it, Mr. Case being in New York at the time and somewhat inaccessible, I want someone to be responsible, as I expect to spend a large amount of money right away on the drawings and specifications."

Thereafter an attorney who represented plaintiff prepared the closing paragraph (No. 7) and the attestation clause to which reference hereinbefore has been had, and defendant Blumenthal signed his name to the contract as "A. C. Blumenthal, individually and as agent for Frank Case, owner."

In substance, the principal contention of appellant is that the evidence adduced on the trial of the action was insufficient to support the finding of fact made by the trial court that:

"It is not true that said defendant A. C. Blumenthal, acting individually, or in any capacity other than the duly authorized agent of said Frank Case, entered into the written agreement referred to in paragraph III of said complaint, or that said defendant A. C. Blumenthal, acting individually or otherwise than as an agent as aforesaid, employed plaintiff to perform the services in said paragraph III alleged or any other services whatsoever, and in this connection the court finds that said defendant A. C. Blumenthal executed said written agreement and engaged plaintiff to perform services thereunder solely as agent for and on behalf of said defendant Frank Case and not for or on account of said Blumenthal individually. The court further finds that, except as hereinabove found to the contrary, the allegations contained in paragraph III of said first cause of action are true. . . . that defendant A. C. Blumenthal signed the contract in said paragraph IV referred to only as a warrantor of his authority to execute said contract on behalf of and as agent for said Frank Case and not as a prin-

cipal obligor thereunder or in any other capacity, and that he had the authority which he thereby warranted."

As hereinbefore indicated, the preamble of the contract contained a positive indication of the relationship which defendant bore to the high contracting parties. The full statement is that:

"This agreement, made this 26th day of August, 1924, between Kenneth MacDonald, Jr., (hereinafter called the 'Architect'), and A. C. Blumenthal, as agent for Frank Case, of New York City, (hereinafter called the 'Owner'), witnesseth."

In addition thereto, in no less than six different places in the contract the statement either directly or inferentially appears that Blumenthal is acting as an agent for the owner Frank Case. Paragraph 7 and the attestation clause of the contract, which, as is hereinbefore stated, were drawn by an attorney who represented plaintiff in the negotiations, contain three separate declarations that Blumenthal is acting in the matter as an agent only; and make it clear that the purpose of the parties then and there present, and as expressed in paragraph 7, was to make certain that Blumenthal *"has authority to execute as such agent, and he has signed this contract individually by reason of such warranty"*. Moreover, although because of his absence from the place of trial, no testimony was given by defendant Blumenthal, an examination of the record herein discloses the fact that certain evidence was introduced on the trial of the action which, at least by inference, was at variance with the testimony given by plaintiff regarding the intention of the parties to the contract to bind defendant Blumenthal as a principal thereto. It would therefore appear manifest that the point presented by appellant regarding the sufficiency of the evidence to support the finding of fact in question cannot be sustained.

Appellant also complains of an alleged insufficiency of the evidence to support a finding by the trial court to the effect that prior to the commencement of the action, by mutual consent of the parties thereto the contract existing between them was abandoned. But it is apparent that if defendant Blumenthal was not a party to the contract, nor bound thereby, the issue as to abandonment of the contract was immaterial;—from which it would follow that

any question as to the sufficiency of the evidence to support the finding to which appellant has directed attention becomes moot. For the same reason, the remaining point presented by appellant regarding damages to which plaintiff might be entitled is likewise unnecessary of discussion.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.